# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JS-6

## CIVIL MINUTES - GENERAL

| Case No. | CV 17-01381-RGK (PJWx) | Date | February 24, 2017 |
|---|---|---|---|
| Title | *Esos Rings, Inc. v. Prencipe* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams, Not Present | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: | |
| Not Present | | Not Present | |

**Proceedings:** (IN CHAMBERS) Order Re: Ex Parte Application for a Temporary Restraining Order and an Order to Show Cause (DE 10)

On February 21, 2017, Esos Rings, Inc. ("Esos") filed a Complaint against Joseph Prencipe ("Prencipe") et al. The Complaint asserts eight claims: (1) Patent Infringement; (2) Fraudulent Transfer; (3) Breach of Contract; (4) Entitlement to Declaratory Relief; (5) Quiet Title; (6) Fraud; (7) Breach of Fiduciary Duty; and (8) Intentional Interference with Prospective Economic Relations.

Presently before the Court is Esos's Ex Parte Application for a Temporary Restraining Order Preventing Unlawful Exploitation and Diminishing Value of Patent Rights and for an Order to Show Cause Why Preliminary Injunction Should Not Issue.

The gravamen of Esos's Complaint is that Prencipe, the inventor and original assignee of U.S. Patent No. 9,313,609 ("'609 patent"), assigned the patent to Esos. But Prencipe continued to exploit the '609 patent and alleged that Esos's claimed patent ownership was fraudulent. The Complaint invokes federal question jurisdiction over the patent infringement claim and supplemental jurisdiction over the remaining claims.

Based on the factual allegations in the Complaint, however, the validity of '609 patent assignment must be resolved before the claim of patent infringement. "[A] claim for patent infringement does not arise under the patent laws when it requires judicial action to vest title in the party alleging infringement." *Nolen v. Lufkin Indus., Inc.*, 466 F. App'x 895, 899 (Fed. Cir. 2012) (citing *Jim Arnold Corp. v. Hydrotech Sys., Inc.,* 109 F.3d 1567, 1572 (Fed.Cir.1997)); accord *Combs v. Plough, Inc.*, 681 F.2d 469, 470 (6th Cir. 1982) (per curiam). Validity of patent assignments is a matter of state law. *See Combs*, 681 F.2d at 469; *Keller v. Bass Pro Shops, Inc.*, 15 F.3d 122, 125 (8th Cir. 1994). Thus the Court has no subject matter jurisdiction over this case.

Accordingly, the Court *sua sponte* **DISMISSES** the case without prejudice and **DENIES** as moot the Ex Parte Application.

**IT IS SO ORDERED.**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-01381-RGK (PJWx) | Date | February 24, 2017 |
|---|---|---|---|
| Title | *Esos Rings, Inc. v. Prencipe* | | |

Initials of Preparer   _____ : _____